FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 12 2019

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

## CLOSING INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You must follow all of my instructions -- the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of or during the trial.

You will have copies of the instructions I am about to give you now in the jury room. Each of you has a copy to follow if you want to, but please do not read ahead of me. You may make notes on your copy of the instructions during closing arguments, but please do not mark on my copy -- the one where I have written "Court's Copy" on the front page. Again, all instructions, whenever given and whether in writing or not, must be followed.

## CLOSING INSTRUCTION NO. 2

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

## CLOSING INSTRUCTION NO. 3

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying, whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony. If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

## CLOSING INSTRUCTION NO. 4

Evidence in the record reveals that plaintiff, John Henry Williams, has been convicted of a crime. You may use that evidence only to help you decide whether to believe Mr. Williams and how much weight to give his testimony.

## CLOSING INSTRUCTION NO. 5

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind for the purposes of this case.

## CLOSING INSTRUCTION NO. 6

Your verdict must be for plaintiff John Henry Williams and against the defendant on plaintiff's claim for denial of dental care if all the following elements have been proved:

*First*, the plaintiff had a serious need for dental care; and

*Second*, the defendant was aware of the plaintiff's serious need for dental care; and

*Third*, the defendant, with deliberate indifference, failed to provide or make provision for the needed dental care within a reasonable time; and

*Fourth*, as a direct result, the plaintiff was injured; and

If any of the above elements has not been proved, then your verdict must be for the defendant.

## CLOSING INSTRUCTION NO. 7

Deliberate indifference is established only if there is actual knowledge of a substantial risk that the plaintiff has a serious medical need and if the defendant disregards that risk by intentionally refusing or intentionally failing to take reasonable measures to deal with the problem. Negligence or inadvertence does not constitute deliberate indifference.

## CLOSING INSTRUCTION NO. 8

A serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

## CLOSING INSTRUCTION NO. 9

If you find in favor of the plaintiff, you must award him an amount of money that will fairly compensate him for any damages you find he sustained as a direct result of the conduct of the defendant. You should consider the following elements of damages: The physical pain and mental or emotional suffering the plaintiff has experienced; the nature and extent of the injury, and any aggravation of a pre-existing condition.

Remember, throughout your deliberations you must not engage in speculation, guess, or conjecture, and you must not award any damages under this Instruction by way of punishment or through sympathy.

## CLOSING INSTRUCTION NO. 10

If you find in favor of Plaintiff on any of his claims, but you do not find that his damages have monetary value, then you must return a verdict for him in the nominal amount of One Dollar ($1.00).

## CLOSING INSTRUCTION NO. 11

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, the verdict must be unanimous. It is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict – that is, it must be unanimous.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges -- judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the bailiff and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone -- including me -- how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Fifth*, during your deliberations, please remember that you must not provide any information to anyone by any means about this case. You must not use any form of "social media" in any way, about this case, until I accept your verdict. Do not conduct any independent research, reading, or investigation about the case.

Finally, the verdict form is simply the written notice of the decisions that you reach in this case. Please take a moment now to look over the attached form. You will take this form to the jury room, and when each of you has agreed on the verdict as to each cause of action, your foreperson will fill in the form, sign, and date it. Upon completing the form, the foreperson should advise the bailiff that you are ready to return to the courtroom.